**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

AMANDA ARMIJO,

      Plaintiff,

v.                                  17cv665 LF/WPL

ERLINDA FLANSAS,

      Defendant.

**ORDER GRANTING MOTION TO EXTEND TIME**

Plaintiff Amanda Armijo filed a Motion for Extension of Time to File Motion to Remand. (Doc. 3.) I expedited briefing on the matter. (Doc. 4.) Having reviewed the briefing and the relevant law, the motion for extension of time to file motion to remand is granted as explained below.

This case presents a unique procedural posture: Defendant Erlinda Flansas, who was at all relevant times an employee of the State of New Mexico and is sued in her individual capacity for actions taken allegedly during the course and scope of her employment, filed a Notice of Removal on June 22, 2017, despite not being effectively served. (*See* Doc. 3 at 1.)

Under New Mexico law, when an "officer, official or employee of the state . . . is named a party defendant, service of process shall be made on the officer, official or employee and on the attorney general." NMSA 1978 § 38-1-17(D). The parties agree that Armijo effectively served the Attorney General on May 9, 2017 (*see* Doc. 5 at 1), and attempted, but failed, to serve Flansas. Nonetheless, the Attorney General's Office forwarded the complaint to the New Mexico Risk Management Division, which then forwarded the complaint to counsel for Flansas. (*Id.* at 1-2.) Flansas then filed her Notice of Removal.

The issue before me now is whether to grant Armijo's motion to extend time to file a motion to remand. A motion to remand, except on the basis of subject matter jurisdiction, must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). The parties have not presented, and am I not aware of, any authority rendering the thirty day limit jurisdictional or otherwise not amenable to an extension of time under Federal Rule of Civil Procedure 6(b), which provides that a court may, "for good cause, extend the time" for a party to act, when "an act may or must be done within a specified time." When a motion or request is made before the original time expires, the court may act purely for good cause. FED. R. CIV. P. 6(b)(1)(A). If, however, the motion is made after the time to act has expired, the movant must show excusable neglect. FED. R. CIV. P. 6(b)(1)(B). The Rule specifically prohibits a court from extending the time to act under "Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." FED. R. CIV. P. 6(b)(2). The list does not include a motion to remand under 28 U.S.C. § 1447(c).

Given the broad nature of Rule 6(b), I conclude that courts do have the authority to extend the time in which to file a motion to remand. Under Rule 6(a)(1)(A), the counting period does not include the day triggering the period—that is, the day on which the notice of removal was filed. Excluding June 22, 2017, Armijo had thirty days to file her motion to remand. The motion to extend time was file on July 21, 2017, or the twenty ninth day. Therefore, Armijo's request to extend time was filed before the expiration of the time in which to file a motion to remand. Accordingly, Armijo's motion could be granted purely on a showing of good cause.

This brings us to the crux of the issue: good cause. Armijo argues that she needs the extension to investigate whether Flansas's notice of removal was timely under 28 U.S.C. § 1446(b)(1). Flansas contends that a motion to remand on that basis would be futile because she was never properly served and the thirty-day limitation in § 1446(b)(1) was never triggered.

Flansas further contends that *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), is fully dispositive of the issue. In *Murphy Bros.*, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48.

The parties do not discuss whether Flansas has been served with the summons, but it is clear that she received a copy of the complaint from the Attorney General's Office. Under the facts provided, I cannot say that *Murphy Bros.* completely precludes the motion to remand because I do not know when or if Flansas received service of the summons.

Given the procedurally complicated circumstances surrounding the notice of removal, and that Armijo filed her motion for extension of time before the initial time period expired, I find that good cause exists to grant the motion.

Armijo may file her motion to remand, if any, no later than September 5, 2017. Briefing will then proceed pursuant D.N.M.LR-Civ. 7.4.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.