# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMANDA ARMIJO,

    Plaintiff,

    v.                                                               Case No. 17-CV-665 WJ-JHR

ERLINDA FLANSAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion for Remand to State Court and for Attorney Fees (hereinafter the "Motion"), filed September 3, 2017 (**Doc. 9**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is denied.

## BACKGROUND

Beginning in November 2013, Plaintiff was placed on probation and parole, and placed at the New Mexico Women's Recovery Academy (the "Facility"). She is suing Defendant under 42 U.S.C. § 1983 for violating her constitutional rights. Defendant was a probation officer employed by the New Mexico Department of Corrections, and supervised residents at the Facility. Defendant allegedly sexually assaulted Plaintiff from June 2014 to September 2014. Defendant resigned in November of 2014 after the New Mexico Department of Corrections had begun an internal investigation.

Plaintiff filed her complaint in state court on April 28, 2017. In the Motion, Plaintiff admits that she was unable to serve the summons and complaint on Defendant. However, she

served the New Mexico Attorney General on May 9, 2017. On June 8, 2017, New Mexico's Risk Management Department emailed the complaint to Attorney Nancy Long of the firm of Long, Komer & Associates, P.A. as proposed counsel. Attorney Long then performed a conflicts check. Attorney Long was hired for Defendant by the State of New Mexico. On June 22, 2017, Attorney Long acting on behalf of the Defendant filed the necessary pleadings in order to remove this case to federal court. It is undisputed that she was unable to get in contact with Defendant until well after the briefing on this motion to remand was complete. The summons was addressed as follows:

> Erlinda Flansas
> c/o Office of the Attorney General
> Litigation Division
> PO Drawer 1508
> Santa Fe, NM 87504

Plaintiff seeks to remand this case to state court on the ground that removal was untimely. The motion to remove was filed on June 22, 2017, 44 days after the summons and complaint was served on the attorney general. In the Motion, Plaintiff admits not serving Defendant prior to removal, but appears to argue that service on the attorney general, combined with Ms. Long's receipt of the complaint, is sufficient to trigger the removal period under 28 U.S.C. § 1446(b). Defendant contends that serving only the attorney general is improper; therefore, the thirty day removal period had not yet run.

The Court asked the parties to submit supplemental briefs on whether Ms. Long appropriately removed this case, when she was apparently not in contact with the Defendant and could not obtain her authorization or consent **(Doc. 22)**. The parties submitted their briefs on October 30, 2017 **(Docs. 24, 25)**. Ms. Long also filed a Certificate of Coverage issued by the State of New Mexico, which provided that the Public Liability Fund would pay the liabilities for

covered parties for certain covered claims. The Certificate further provided that the Director of New Mexico's Risk Management Division has the right to control the defense or settlement of a covered claim.

The Court was notified that new developments in the case may moot out some issues that were set for hearing. On November 30, 2017, the Court ordered the parties to submit a joint status report identifying by specific reference to docket number and page number which issues were moot, and which issues still remained **(Doc. 34)**.

After briefing on the motion to remand was complete, Defendant contacted her counsel and is now aware of her legal representation representation and that this case was removed to federal court. According to the joint status report, Defendant received a copy of the complaint by mail, but there was no assertion that she was served via mail, or when she was served.[1] Ms. Long executed a waiver of service on Defendant's behalf on November 29, 2017. Plaintiff filed this waiver of service on the docket on December 1, 2017 **(Doc. 35)**. The Court takes this as an admission that service was not completed until November 29, 2017.

## DISCUSSION

A notice of removal must be filed within "thirty days after receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b) (emphasis added). A defect in the removal procedure is one of two grounds for remand specified in 28 U.S.C. § 1447(c). An untimely removal notice constitutes a defect in removal procedure warranting remand. *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

---

[1] In the joint status report, the parties only identified two issues that were affected by these new developments: (1) the two service motions before the Court, and (2) whether this case was properly removed without, apparently, Defendant's authorization to do so. **(Doc. 36).**

3

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342.

**I.     Service Was Not Proper under New Mexico Law, thus the Removal Period Was Not Triggered.**

Plaintiff admits that Defendant was not personally before this case was removed to federal court. *See* **Doc. 9, p. 1.** It does not appear that any of the service rules on an individual were followed. *See, e.g.,* Rule 1-004(F) NMRA; *Edmonds v. Martinez,* 146 N.M. 753, 215 P.3d 62, 66 (N.M. Ct. App. 2009) (failure to employ all methods identified in Rule 1–004(F), and in the right order, renders service ineffective).

However, when suing a state employee, New Mexico state statutes and rules require as follows:

> D. In any action in which an officer, official or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, service of process shall be made on the officer, official or *employee and on the attorney general*.

N.M. Stat. Ann. § 38-1-17(D) (emphasis added).

> (H)(1) Service may be made upon the State of New Mexico or a political subdivision of the state:
> …
> (c) in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, *by delivering a copy of the process to the officer, official or employee and to the attorney general;*

Rule 1-004(H) NMRA (emphasis added).

The above statute and rule requires that *both* the defendant-employee and attorney general be served. At most, Plaintiff only served the attorney general prior to removal. *See Trujillo v. Goodwin*, 116 P.3d 839, 840-41 (N.M. Ct. App. 2005), *superseded on other grounds by amendment to Rule 1-004* (court did not have jurisdiction over defendant where plaintiff failed to deliver summons to *both* the department head and attorney general under NMSA § 38-1-17, even though defendant had actual notice of the complaint).

Moreover, § 1446(b) requires that the *Defendant*, not another person or entity, be served before the removal period is triggered.[2] Here, Plaintiff admits that she did not serve Defendant prior to removal, but argues that service upon the New Mexico Attorney General is sufficient. The New Mexico Attorney General is not a defendant in this case. Plaintiff has not pointed to, and the Court is unaware of, any New Mexico rule or statute allowing Defendant to be served via the attorney general.

Because Plaintiff did not serve Defendant prior to removal, the thirty day removal period did not begin to run, so Defendant timely removed this case. *See Jenkins v. MTGLQ Inv'rs*, 218 F. App'x 719, 724 (10th Cir. 2007) (notice of removal was timely where defendant was never properly served, so thirty-day period for filing a notice of removal never started to run).

## II. Service on the New Mexico Attorney General Did Not Trigger the Removal Period.

Plaintiff appears to argue that under the Supreme Court's interpretation of § 1446(b), the removal period is triggered when *someone* is "formally served," such that the Defendant receives the complaint. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

---

[2] The Supreme Court interpreted "receipt by defendant, through service *or otherwise*" in § 1446(b) to apply in situations where states required the service of the summons, but not the complaint. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). In such cases, the removal period runs when the (1) the Defendant has been served with summons, and (2) the complaint has been made available to the Defendant according to the jurisdiction's rules, through filing or otherwise. *Id.*

5

Plaintiff argues that the removal period was triggered on May 9, 2017, 44 days prior to removal, as the attorney general was served (an entity required to be served here by statute), and Defendant's counsel received the summons and complaint from the attorney general.³

In *Murphy Bros*., the United States Supreme Court was tasked with deciding whether service was required to trigger the removal period. 526 U.S. at 347-48. Section 1446(b) states that a notice of removal must be filed within "thirty days after receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." (emphasis added). The Supreme Court determined that faxing a complaint to the Defendant, without any formal service, was not sufficient to trigger the removal period. *Murphy Bros.*, 526 U.S. at 347-48. It held that "named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* Plaintiff reads the "unattended by any formal service" language as meaning that Defendant need not be formally served, because her receipt of the complaint was attended by formal service to the attorney general. The Court disagrees.

The Supreme Court noted that the "service or otherwise" language in § 1446(b) did not do away with the requirement to serve the defendant, but was Congress's way to account for different state rules for filing or serving the summons and complaint. *Murphy,* 526 U.S. at 351-52. For example, in states where the Plaintiff is only required to serve the summons and not the complaint, the removal period does not run until the defendant has been served with the summons, and the complaint has also been filed or otherwise made available to defendant. *Id.* This is to insure that the removal period does not begin to run before the defendant can identify

---
³ As noted above, NMSA § 38-1-17(D) requires that *both* Defendant and the attorney general be served.

from the complaint whether the case is removable. *Murphy*, 526 U.S. at 354. In New Mexico, where both the summons and complaint must be served simultaneously, the "or otherwise" language has no effect.

The Court also notes the logistical difficulty of Plaintiff's proposal that service on a third party triggers the removal period. Attorney Long received the complaint on June 8, 2017, thirty days after the summons was served on the attorney general. At that time, Attorney Long was not yet Defendant's attorney. It is unclear when Defendant received the complaint, but service was not waived until November 29, 2017. Under this approach, Defendant would lose the right to remove a case when she never received formal service. This runs counter to the Supreme Court's instruction that service is "fundamental to any procedural imposition on a defendant" and functions as "the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros.*, 526 U.S. at 350-51. Moreover, in enacting § 1446(b), Congress intended to ensure that defendant had access to the complaint before commencement of the removal period. *Murphy Bros.*, 526 U.S. at 351-52, 356 (congress did not intend "to render removal the sole instance in which one's procedural rights slip away before service of a summons…").

Thus, *Murphy Bros*. is clear that the removal period under § 1446(b) begins only after both (1) the defendant has been served with the summons, and (2) the complaint has been made available in some way to the defendant according to the local jurisdictions' rules. It cannot be interpreted to do away with serving the defendant at all. Moreover, Plaintiff has not pointed to any New Mexico law allowing the attorney general to receive service for Defendant. Since Defendant was not served with both the summons and complaint as required in New Mexico, the

Court concludes that the removal period had not yet been triggered when Defendant removed this case. Therefore, Defendant's removal was timely.

**III. Removal was Not Procedurally Defective.**

The Court asked the parties to submit supplemental briefs on whether this case was appropriately removed, because it appeared that the Defendant could not be found or consent to removal. Attorney Long argues that the Director of New Mexico's Risk Management Division has the authority to control litigation of this case, including authorizing removal. As explained below, because Defendant has been found, waived service, and is aware of her legal representation, the Court is no longer concerned that Defendant was unable to consent to removal.

The New Mexico Tort Claims Act provides that the state shall provide a defense and pay any settlement or final judgment entered against a public employee in the scope of their duty for a violation of any rights or privileges secured by the constitution and laws of the United States. NMSA § 41-4-4(B), (D). This includes claims under 42 U.S.C. § 1983. *Niederstadt v. Town of Carrizozo*, 182 P.3d 769, 773 (N.M. Ct. App. 2008), *citing Risk Mgmt. Div. v. McBrayer,* 14 P.3d 43 (N.M. Ct. App. 2000).

The Risk Management Division of the State of New Mexico is required to cover liabilities which have been imposed under § 41-4-4. *See* § 41-4-20(A)(2); *see also Loya v. Gutierrez*, 350 P.3d 1155 (N.M. 2015) (governmental entity required to provide state employee a defense and indemnity for liability under § 1983, even where there is no corresponding waiver under the New Mexico Tort Claims Act). Pursuant to a Certificate of Coverage issued by the State of New Mexico, the Director of the Risk Management Division "has the right to control the defense and settlement of a claim covered under this certificate of coverage." **(Doc. 24-1).**

The New Mexico Supreme Court has generally applied settled insurance law to the Tort Claims Act provisions at issue, absent statutory language otherwise. *Loya v. Gutierrez*, 350 P.3d at 1166 (section 41-4-4(B) equates state's duty to defend with the duties of insurer to defend). Where there is no coverage dispute, an insurer that has the duty to defend or indemnify may have a contractual right to control the litigation, including selecting the attorney and making decisions in the case. *See, e.g.,* 14 Couch on Insurance § 200:1 (3d Ed. 2017); *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 728 (7th Cir. 2011) (under Illinois law, insurer has right to control litigation to protect its financial interest); *Safeco Ins. Co. v. Ellinghouse*, 725 P.2d 217, 226 (Mont. 1986) (insurance contract provision placed control of litigation in hands of insurer); *Davenport v. St. Paul Fire and Marine Ins. Co.*, 978 F.2d 927, 931 (5th Cir. 1992) (applying Mississippi law, where insured has no exposure to liability whatsoever, insurer may have right to control litigation to exclusion of insured).

Generally, an attorney is presumed to have authority to represent a party for whom she has entered her appearance. *Federal Deposit. Ins. Corp. v. Oaklawn* Apartments, 959 F.2d 170, 175 (10th Cir. 1992). This presumption may be rebutted. *Id.*

An attorney hired by an insurer under a duty to defend is generally the insured's attorney. *Meixell v. Superior Ins. Co.,* 230 F.3d 335, 341 (7th Cir. 2000) (an attorney retained by an insurance company to defend the insured assumes all the duties imposed by the attorney-client relationship); 2 Restatement (Third) of The Law Governing Lawyers § 134 cmt. f (2000) ("It is clear in an insurance situation that a lawyer designated to defend the insured has a client-lawyer relationship with the insured."). However, some form of consent or awareness by the insured of the representation is required. *See* Restatement (Third) of the Law Governing Lawyers § 134(2), cmt. b, f (2000) (lawyer's conduct may be directed by someone other than client if the client

9

consents); N.M.R. Prof. Conduct 16-108(f), cmt. 11 (informed consent from client required where attorney is paid by third party). This is not a strenuous requirement; there is some authority that acquiescence by the insured to an informational letter sent by the hired attorney at the outset of representation may be sufficient. Restatement (Third) of the Law Governing Lawyers, § 134(2) cmt. f.

The removal statute provides: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or *consent* to the removal of the action." 28 U.S.C. § 1446(b) (emphasis added). Each defendant must unambiguously consent to removal. *Vazquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008).

The Director clearly has the authority to control litigation in this case and act on Defendant's behalf. Moreover, Attorney Long represents the Defendant and has authority to act on her behalf. *See Hornberger v. Wendel*, 764 N.W.2d 371 (Minn. Ct. App. 2009) (where insured could not be found, attorney appointed by insurer was insured's attorney as a matter of law and had authority to act on insured's behalf). Ms. Flansas has contacted her attorney, consented to service, and is aware of the legal representation on her behalf and the removal. The Court concludes that the Restatement's requirement that some form of consent, awareness, or acquiescence by the insured to the legal representation has been satisfied. Therefore, the Court concludes that Defendant consented to removal and there is no procedural defect in the removal.

## IV. Sanctions are Not Warranted.

Plaintiff seeks sanctions on the basis that Defendant lacked any objectively reasonable basis to remove this case. Based on the Court's ruling, Defendant not only had an objectively reasonable basis for removal but also a legally sound basis for removal on the timing of removal

issue. The Court further concludes that Defendant's counsel had an objectively reasonable basis to believe that the Director had the authority to remove the case. Finally, the Court observes that part of the reason the issues surrounding removal in this case are so complicated is that Plaintiff did not properly serve Defendant. While Plaintiff may very well have been diligent in efforts to serve Defendant, the fact remains that Defendant had not been properly served until just recently. Therefore, Plaintiff's request for sanctions is denied.

## CONCLUSION

In sum, the Court finds and concludes that Defendant timely removed this case, and concludes that removal was not procedurally defective. Accordingly, the Court denies Plaintiff's Motion to Remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand to State Court **(Doc. 9)** is hereby DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE